ELLIS, Judge:
These two consolidated cases arise out of an automobile-truck collision in which plaintiff’s wife was killed and his minor daughter injured. Defendants are Nichols Construction Corporation and Associated Indemnity Corporation, its insurer; and Nicklos Drilling Company and Argonaut Insurance Company, its insurer.
The accident happened in Belle Rose, Louisiana, on November 1, 1973, at the intersection of Louisiana Highway 1 and Louisiana Highway 998. At the point of the accident, Highway 1 runs approximately north and south and is intersected by Highway 998 at right angles. Shortly before the accident, three trucks belonging to Nichols, which were heading north on Highway 1, pulled off onto the east shoulder of the road because the second of the trucks, a large mobile crane, was having mechanical difficulties. The crane, which was 13V2 feet high and 13 V2 feet wide, was parked off the travelled portion of the highway, but quite close thereto. It was near enough to the intersection to block the vision southward of those on Highway 998 entering Highway 1 from the east.
Plaintiff’s wife, Mrs. Lorraine Woods, was driving in a westerly direction on Highway 998. She approached the intersection intending to negotiate a left turn onto Highway 1 and head south. She inched out *610 into the highway at a slow rate of speed, estimated by witnesses at from one half to five miles per hour. When the front end of her automobile was just over the center line of Highway 1, .she was struck by a tractor-trailer rig belonging to Nicklos and operated by Wilson Vidrine. Mrs. Woods was thrown from the car and killed, and her daughter, who was a guest passenger, suffered personal injuries.
These two suits were filed by Mr. Woods, individually and as tutor of his daughter, Tanya Woods. No. 10987 is for damages for the wrongful death of Lorraine Woods, and No. 10988 is for the personal injuries suffered by Tanya. All defendants third partied Mr. Woods and his insurer, Fireman’s Fund Insurance Company, alleging Mrs. Woods’ negligence and asking indemnity or contribution. Nichols also third partied Nicklos, seeking indemnity or contribution should Nichols be found liable.
After trial on the merits a single judgment was rendered for the two consolidated eases in favor of plaintiffs and against Nichols and Associated Indemnity. All other demands and incidental demands were dismissed.
From that judgment Nichols and Associated Indemnity perfected a suspensive appeal. Plaintiff has appealed devolutively from the dismissal of the suit as to Nicklos and its insurer. Plaintiff also answered Nichols’ appeal, seeking an increase in the award.
After the appeals were perfected, an agreement was entered into by Nichols and Associated Indemnity on one hand and Barry Woods on the other, completely settling the case as between them, with the parties reserving their rights in this appeal against Nicklos. Since Nicklos did not appeal the dismissal of its third party demand against plaintiff, the only question presented by this appeal is that of the alleged negligence of Nicklos.
Wilson Vidrine testified that he was driving north on Highway 1, about 300 or 400 feet behind a crane truck, going 30 or 35 miles per hour. He stated that when he first saw the Woods vehicle, he could see about the front one foot thereof, and that it had stopped. When it began to move out into the highway again, he began to pull to his left to avoid a collision. He sounded his horn but did not apply his brakes until the impact. He stated that he had to release the brakes immediately to avoid losing control of his rig. Mrs. Woods continued to move slowly across the highway to the point of impact. Mr. Vidrine testified that when he first saw the Woods vehicle, he did not think that he could make a safe stop with his rig in time to avoid the collision, but that he felt he had room to go around her car to the left.
On cross examination, Mr. Vidrine testified at first that he was alongside the mobile crane when he first saw Mrs. Woods’ vehicle, and then later testified that he might have been further back, perhaps a truck length behind the lowboy rig which was parked behind the mobile crane.
Both Nichols and Nicklos introduced expert testimony relative to reaction time and braking distance. One expert was of the opinion that Mr. Vidrine could have stopped short of the intersection had he applied his brakes immediately. The other was of the opinion that he could not have stopped in time.
It is argued by plaintiff and Nichols that, in either event, if he had applied his brakes, the truck would have been slowed sufficiently to enable Mrs. Woods to clear the intersection and avoid the accident.
The trial judge, who saw and heard the witnesses, concluded that Mr. Vidrine, who was driving safely and within the speed limit, was confronted by a sudden emergency, not of his own making, and that he did everything he could to avoid the accident. He found him not to be negligent. Since there is some evidence on which this conclusion could be based, we find no manifest error therein.
The judgment of the trial court is therefore affirmed, at appellants’ cost.
AFFIRMED.
PONDER, J., dissents and assigns written reasons.